# Scott's Administrators *vs* R. Wickliffe.

### ERROR TO THE FRANKLIN CIRCUIT.

*Trustee and trusts. Attorneys at law. Jurisdiction.*

CHANCERY.

*Case 105.*

JUDGE MARSHALL delivered the Opinion of the Court.

*May 27.*

WE are satisfied from the facts appearing in this record, and especially from the answers of Wickliffe and the exhibits therein referred to, that the notes and covenants of Harts and Morgan, of the Kellars and of the Richardsons, all payable to Robert Scott, were assigned by

*An attorney at law entrusted with the collection of debts and receiving notes on third persons for collection, as collateral secu-*

SCOTT's ADM'RS.
vs
WICKLIFFE.

rity for such
debts, thereby
becomes a trus-
tee for both debt-
or and creditor
and the Chancel-
lor has jurisdic-
tion to compel
him to account.

him as collateral security merely, and that they came to
the hands of Wickliffe, and were held by him as collate-
ral security for certain demands then also in his hands, or
expected shortly to be in his hands for collection, as at-
torney, with the power and duty of making, or endeavor-
ing to make, said security available, and applying the
proceeds towards the satisfaction of the demands intended
to be secured.  We think it results, necessarily, from
these premises, that R. Scott, during his life time, and
his administrators since his death, were directly interest-
ed in the management and due application of the pledged
fund, that they were and are entitled to any surplus which
might remain.  And that although the said covenants
and notes were assigned, not to Wickliffe, but a part of
them, by his direction, to his clients, whose debts they
were intended to secure, and the rest to others who had
guaranteed those debts—yet as they came to Wickliffe's
hands for the purposes of the trust, and so remained under
his control, without the interference (so far as appears,)
of any of the assignees, either to give them any direction
inconsistent with the trust, or to impede his execution of
it, and in truth with power and request from them to exe-
cute it; he must be regarded in equity as a trustee of the
fund, liable to account as such not only to the assignees
of the notes, &c. in whose place he stood, but to all per-
sons who were directly interested in the application of
the fund, and especially to R. Scott, who had furnished
it as a means of discharging his just debts and liabilities,
and who was beneficially entitled to any remaining sur-
plus.  In this respect his administrators now occupy his
place.

Nor is there, in our view, any inconsistency as suggest-
ed, in supposing that the collecting attorney of creditors,
whose debts are acknowledged, may become the trustee
both of his clients and their debtors, with regard to funds
placed in his hands for the security and ultimate satis-
faction of their debts; and if assent on the part of the
clients be requisite to the propriety of such an attitude,
such assent as to a portion of them is most explicitly
shown, and as to the others, is plainly and indeed neces-
sarily inferable.

More weight is to be attached to the objection that Wickliffe has obtained judgments for his clients against R. Scott or his administrators, in the Federal Court, sitting in Kentucky, and that the state Courts should not assume jurisdiction over the subject, nor over him in regard to his duties as attorney for the plaintiffs in these judgments. But this trusteeship commenced before any suit was commenced in the Federal Court, upon the demands to which it relates; and even if this order had been reversed, the general privilege of an attorney to be sued in his own Court, has never been recognized here. And although, in his character of attorney simply, he may be subject to peculiar remedies and liabilities, in the Court in which he acts as such, or may even be within its peculiar jurisdiction, this does not draw to that Court the exclusive jurisdiction also of every collateral matter having connection with the subject of the suit, in which he has acted as attorney. Wickliffe is not called to account in this suit, on the ground of any duty or liability which, as mere attorney, he is under, either to the plaintiffs or the defendants in the judgments, but on account of a trusteeship voluntarily undertaken out of doors, before he was attorney in these cases in the *Federal Court,* and the whole matter of the trust is as much cognizable in the state courts as if the suits had been brought in the Federal Court without his agency. Nor is it the direct object of this suit to operate upon the judgments of the Federal Court, which it is admitted could only be done by suit brought in that Court. If Wickliffe had received the funds of Robert Scott under an express undertaking to collect and apply them to the satisfaction of judgments already rendered in the Federal Court, he would undoubtedly have been liable to suit upon this undertaking, in any Court having jurisdiction of his person and of such a subject; and it would have been no objection that the judgments which he had undertaken thus to discharge, had been obtained in another Court and by him as attorney for the plaintiffs. The object of the suit is not to compel him to enter credits on the judgments, which as attorney he might have done, and which as trustee it was perhaps his duty to cause to be done, to the extent of all

SCOTT'S ADM'RS.
*vs*
WICKLIFFE.

—And this jurisdiction is not ousted in consequence of the attorney afterwards bringing suits on the original demands against the debtor and obtaining judgments in the Federal Court, & thereby becoming responsible to his client as an attorney of that Court.

moneys received by him and properly applicable to those judgments, but to coerce an account of the funds committed to his hands, and which he ought to have applied when realized, towards the satisfaction of the debts intended to be secured, either before or after judgment, and to make him personally liable for any injurious breach of the trust, and for any surplus remaining after satisfying its objects. He is chargeable with the fair value of the trust fund to the extent that it was or might have been realized by the exercise of such reasonable efforts as belong to the character of a trustee entitled to compensation. He may discharge himself to the extent that he has credited or shall credit the judgments and furnish evidence thereof, and to the extent that he has paid or shall pay the creditors entitled to the fund, and produce evidence thereof; and to the extent that he shall indemnify the complainants against the demands or any portion of them which were intended to be secured by the fund, or against any other just demands against Robert Scott, committed to him as attorney, to which he has fairly appropriated or has undertaken and is bound to his clients, to appropriate the fund. Admit that the state court cannot compel him to enter a credit on the judgments in the Federal Court— it can compel him to account, to show what he has done; admit that it cannot, unless the creditors are parties, compel him to pay them, and thus make a final settlement—it can compel him to disclose the payments made and such evidences of them as he has, and it can require him to indemnify the complainants, to the extent of the fund with which he is chargeable, against the demands for which it was originally pledged, and others to which it has been fairly appropriated or pledged as above mentioned, unless he produce sufficient vouchers for their discharge or indemnity. And if there should be any thing chargeable against him, beyond all this, the state court can undoubtedly make a personal decree against him, and in none of these matters will there be any interference with the jurisdiction of the Federal Court. There is then, in the state court, complete jurisdiction over the whole subject, so far as Wickliffe is concerned. And if the creditors, who appear to be non-residents, were prop-

erly before the Court, we have no doubt that so far as they are concerned, the Court might take jurisdiction to do complete justice between all the parties, and that whatever right they might have to object to the *forum*, Wickliffe would have none.

The suit was brought against Wickliffe alone, for an account, settlement, payment, and general relief. He does not, in his answer, make any statement or exhibit any vouchers of payments made, but relies upon judgments obtained by the secured creditors and others, against Robert Scott or his administrators, more than twenty years ago, upon which, so far as appears, not one cent has been credited, though he acknowledges the receipt of nearly all that was payable on the covenants and notes assigned for their security, and there is a fair presumption that more than is expressly admitted has been received; and in the account taken by the auditor in which he is charged with the whole amount of the fund, and credited by the whole amount of the outstanding judgments, the balance being in his favor, the bill was dismissed absolutely. From what has already been said it is clear that this account was not taken upon correct principles, and that the complainants were entitled to some relief by way of acquittance or indemnity, if not by decree for money. But even for this relief the assignees of the notes placed in Wickliffe's hands as collateral security for Scott's debts, were necessary parties, and on this ground it was erroneous to dismiss the bill absolutely.

In this attitude of the case, it is only necessary to say farther, that the creditors for whose benefit the fund was originally pledged, so far as now appears, were Ely and Parsons, to the extent of the note of Robert Scott and also the note of John Scott; but if, as seems probable, the latter note or any portion of it was discharged out of other funds, this fund was so far relieved and became applicable to other debts of Robert Scott, within the pledge, which other debts were those of Rappelye & Lawrence, McDonald & McCall, and Weyman & Clark, so far as their demands against R. Scott were guaranteed by Townsend & Co. who were the only remaining parties

originally directly interested in the trust fund, all of whom should be made parties by the complainants, if they seek to recover or divert from these debts above mentioned, any part of the trust fund, which may be covered by their amount. Any other creditors of R. Scott, on account of whose demands Wickliffe claims a credit, either for payment made or promised, may also be brought before the Court by either party.

The decree is, therefore, reversed, and the cause remanded, with leave for either party to bring new parties before the Court, and to amend their pleadings relating to the matters in contest, and for further proceedings accordant with Chancery practice and the principles of this opinion.

*Owsley* for plaintiffs: *Wickliffe* for defendant.